PD-1510-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/20/2015 4:42:17 PM
Accepted 11/20/2015 5:10:45 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE

§
§
§     No. _____
§
§
ANDRE DEROSIER                    §

---

## STATE'S PETITION FOR DISCRETIONARY REVIEW

---

FROM THE SECOND DISTRICT OF TEXAS AT FORT WORTH
IN CAUSE NUMBER 02-15-00100-CR
AND
FROM THE 367TH JUDICIAL DISTRICT COURT
DENTON COUNTY, TEXAS
IN CAUSE NUMBER F-2002-0330-E

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
1450 East McKinney, Suite 3100
Denton, Texas 76209
State Bar No. 24075169
(940) 349-2600
FAX (940) 349-2601
lara.tomlin@dentoncounty.com

FILED IN
COURT OF CRIMINAL APPEALS

November 20, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES AND COUNSEL

Appellant .......................................................**ANDRE DEROSIER**

**FRED MARSH**
**EDWARD NOLTER**
101 South Woodrow
Denton, Texas  76205

APPELLATE COUNSEL

**CARY PIEL**
100 West Oak
Suite 302
Denton, Texas  76201

TRIAL COUNSEL

Appellee.......................................................**THE STATE OF TEXAS**

**PAUL JOHNSON**
Criminal District Attorney

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
State Bar No. 24075169
1450 East McKinney, Suite 3100
Denton, Texas  76209
(940) 349-2600
FAX  (940) 349-2751
lara.tomlin@dentoncounty.com

APPELLATE COUNSEL

**MATTHEW SHOVLIN**
**ANTHONY PAUL**
Assistant Criminal District Attorneys

TRIAL COUNSEL

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................i

INDEX OF AUTHORITIES ........................................................................v

STATEMENT REGARDING ORAL ARGUMENT ...........................................1

STATEMENT OF THE CASE .....................................................................1

STATEMENT OF PROCEDURAL HISTORY .................................................2

QUESTIONS PRESENTED FOR REVIEW.....................................................2

    If a defendant agrees to plead to a lesser offense, that is
    not actually a lesser included offense, of an indicted offense
    over which the trial court has proper subject-matter jurisdiction,
    can a defendant later attack that bargained-for judgment based
    on a subject-matter jurisdiction claim? (C.R. at 4-6, 10-24. 91-94;
    2 R.R. at 5-42; State's Exhibit 1-3)................................................2

ARGUMENT ...........................................................................................3

    Appellant wanted to plead to a lesser offense, knowingly
    and willingly pleaded to a lesser offense that was not a lesser-included
    offense, and enjoyed the benefits of the lesser conviction he
    agreed to for 12 years .............................................................3

    The Fort Worth Court of Appeals opinion did not consider
    that the trial court had jurisdiction of Appellant's originally-charged
    case, and the lesser offense was agreed to by the parties after
    jurisdiction had already been established.................................4

    The Fort Worth Court of Appeals dismissed the applicability
    of *Rhodes* and *Murray*, and while neither case addresses the
    specific facts in this case, both cases deal with issues of equity
    in relation to erroneous judgment ...........................................5

*Rhodes* held that an appellant is estopped from collaterally attacking too-lenient judgments, and may or may not be estopped in a subject-matter jurisdiction claim.................................. 5

The *Murray* opinion assumed the State was not barred from advancing estoppel in a subject-matter jurisdiction claim ................................ 7

*Heilman* did not address this situation, and interprets *Rhodes* very differently than *Murray*................................................ 8

The case law regarding estoppel and subject-matter jurisdiction is murky, but the reasoning of the case law suggests that estoppel can apply ................................ 9

Even if this Court finds no holdings supporting estoppel barring a subject-matter jurisdiction claim, this Court should address the issue as it has not been specifically decided.......................... 9

Because of the Fort Worth Court of Appeals' blind reliance on subject-matter jurisdiction, it did not take into account the facts in this case, where Appellant agreed to and benefitted from his bargained-for sentence and where Appellant should be barred from his collateral attack for subject-matter jurisdiction...................... 11

PRAYER FOR RELIEF ................................................ 14

CERTIFICATE OF COMPLIANCE ................................ 15

CERTIFICATE OF SERVICE...................................... 15

APPENDICES:

A  Indictment

B  Judgment

C  Order Denying Application for Writ of Habeas Corpus

D  Findings of Fact and Conclusions of Law

E  *Ex parte Derosier*, No. 02-15-00100-CR, 2015 Tex. App. LEXIS 11155, at *5 (Tex. App.—Fort Worth Oct. 29, 2015, pet. filed)

# INDEX OF AUTHORITIES

**Cases**

*DeDonato v. State*
  819 S.W.2d 164 (Tex. Crim. App. 1991) ........................................................... 9, 12

*Ex parte Derosier*
  No. 02-15-00100-CR, 2015 Tex. App. LEXIS 11155
  (Tex. App.—Fort Worth Oct. 29, 2015, pet. filed) ....................................... passim

*Ex Parte Heilman*
  456 S.W.3d 159 (Tex. Crim. App. 2015) ........................................................ 8, 12

*Ex Parte Sledge*
  391 S.W.3d 104 (Tex. Crim. App. 2013) ........................................................... 9, 12

*Hall v. State*
  225 S.W.3d 524 (Tex. Crim. App. 2007) ................................................... 10, 11, 12

*Marin v. State*
  851 S.W.2d 275 (Tex. Crim. App. 1993) ............................................................... 11

*McKinney v. State*
  207 S.W.3d 366 (Tex. Crim. App. 2006) ......................................................... 10, 12

*Murray v. State*
  302 S.W.3d 874 (Tex. Crim. App. 2009) ....................................................... passim

*People v. Webb*
  186 Cal. App. 3d 401 (Cal. App. 3d Dist. 1986) ..................................................... 8

*Prystash v. State*
  3 S.W.3d 522 (Tex. Crim. App. 1999) ............................................................. 11, 12

*Rhodes v. State*
  240 S.W.3d 882 (Tex. Crim. App. 2007) ........................................................ passim

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE

§
§
§
§
§
§

No. _____

ANDRE DEROSIER

---

## STATE'S PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the State, by and through its Assistant District Attorney, and respectfully urges this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Because the issue presented in this case – whether estoppel can bar a complaint of subject-matter jurisdiction when there has been a negotiated plea bargain – has not been addressed by this Court, the State believes oral argument would be helpful to the courts of the State of Texas and the parties. The State therefore requests oral argument.

## STATEMENT OF THE CASE

Appellant was indicted for six counts of indecency with a child and later pleaded guilty to a class A terroristic threat on November 13, 2002 (*see* Appendix A [Indictment]; Appendix B [Judgment]). Twelve years after

1

Appellant pleaded, he complained that the trial court did not have subject-matter jurisdiction over the terroristic threat charge because it was not a lesser-included offense to the original charges and therefore the district court did not have jurisdiction (C.R. at 6, 10).

## STATEMENT OF PROCEDURAL HISTORY

Appellant filed an application for writ of habeas corpus on December 11, 2014, the trial court held a hearing on the application on February 5, 2014, the trial court denied Appellant's application on February 26, 2015, and the trial court filed written findings of fact and conclusions of law on May 12, 2015 (2 R.R. at 1; C.R. at 10; Appendix C [Order Denying Application for Writ of Habeas Corpus]; Appendix D [Findings of Fact and Conclusions of Law]). Appellant appealed the trial court's ruling, the Fort Worth Court of Appeals handed down its opinion on October 29, 2015, and the Court rendered a reversal and remanded the case to the trial court (Appendix E [*Ex parte Derosier*, No. 02-15-00100-CR, 2015 Tex. App. LEXIS 11155, at *5 (Tex. App.—Fort Worth Oct. 29, 2015, pet. filed)]). No motions for rehearing were filed.

## QUESTION PRESENTED FOR REVIEW

If a defendant agrees to plead to a lesser offense, that is not actually a lesser included offense, of an indicted offense over which the trial court has proper subject-matter jurisdiction, can a defendant later attack that bargained-for judgment based on a subject-matter

2

jurisdiction claim? (C.R. at 4-6, 10-24. 91-94; 2 R.R. at 5-42; State's Exhibit 1-3).

## ARGUMENT

The Fort Worth Court of Appeals answered an important question of law, regarding estoppel and plea agreements, that this Court has not yet addressed. Further, the Fort Worth Court of Appeals has made an inequitable decision.

**Appellant wanted to plead to a lesser offense, knowingly and willingly pleaded to a lesser offense that was not a lesser-included offense, and enjoyed the benefits of the lesser conviction he agreed to for 12 years.**

Appellant was indicted for six counts of indecency with a child, the State originally offered eight years of deferred adjudication, and Appellant's attorney indicated that Appellant would plead to a class A assault (Appendix A; C.R. at 4; State's Exhibit 1, 2). Appellant took the felony case to trial, and during a recess on the second day of trial both sides reached a plea agreement, the trial court advised Appellant of his rights, the trial court granted a motion to amend the indictment and dismissed the six counts of indecency with a child, and Appellant pleaded guilty to a class A terroristic threat charge (C.R. at 6, 31, 34, 36; C.R. Supp. at 10). The "Plea Bargain Agreement" reached by Appellant and the State, appears to have originally been for the offense of simple "assault," and that offense was crossed out and "terroristic threat" was added by hand (C.R. at 38). Appellant agreed to plead no contest, and receive a punishment of one day, with one day of

3

time credit, thus not having to serve any additional time in jail or complete any kind of community supervision (C.R. at 38).

Twelve years after Appellant knowingly pleaded to the terroristic threat charge in order to avoid facing the possible consequences of proceeding with trial on the six counts of indecency with a child, Appellant complained that the trial court did not have subject-matter jurisdiction over the terroristic threat charge, because it was not a lesser-included offense to the original charges, and therefore the district court did not have jurisdiction (C.R. at 6, 10).

**The Fort Worth Court of Appeals opinion did not consider that the trial court had jurisdiction of Appellant's originally-charged case, and the lesser offense was agreed to by the parties after jurisdiction had already been established.**

The Fort Worth Court of Appeals stated that "[i]t is axiomatic that subject-matter jurisdiction cannot be conferred by agreement of the parties" (Appendix E at *5). Here, the district court had jurisdiction of the six counts of indecency with a child (Appendix A). Therefore, jurisdiction was established and the plea agreement, that the case resulted in, was not a situation in which Appellant was being unwillingly prosecuted in an incorrect court (Appendix A; C.R. at 6, 31, 34, 36, 38; C.R. Supp. at 10). Appellant agreed to a lesser charge, benefitted greatly for 12 years from the lesser charge, and did not object to subject-matter jurisdiction until 2013 (Appendix A; C.R. at 6, 31, 34, 36, 38; C.R. Supp. at 10).

**The Fort Worth Court of Appeals dismissed the applicability of *Rhodes* and *Murray*, and while neither case addresses the specific facts in this case, both cases deal with issues of equity in relation to erroneous judgments.**

The Fort Worth Court of Appeals stated that State's reliance on *Murray* and *Rhodes* was misplaced, and while the facts of these cases are not exactly like the current case, both cases address the equitable principle of estoppel in the context of an appellant attacking a judgment with a too-lenient sentence. *See Murray v. State*, 302 S.W.3d 874 (Tex. Crim. App. 2009); *Rhodes v. State*, 240 S.W.3d 882 (Tex. Crim. App. 2007). This is akin to the current case in which Appellant was convicted of a lesser charge, that was not actually a lesser-included offense, and that conviction was lenient and void. *Derosier*, 2015 Tex. App. LEXIS 11155.

**Rhodes held that an appellant is estopped from collaterally attacking too-lenient judgments, and may or may not be estopped in a subject-matter jurisdiction claim.**

The Fort Worth Court of Appeals stated that *Rhodes* is inapplicable to the facts in this case and found that there was "nothing in *Rhodes* to suggest that estoppel-like doctrines apply when a court does not have subject-matter jurisdiction over a bargained-for judgment." *Derosier*, 2015 Tex. App. LEXIS 11155, at *6-7. But in *Rhodes*, this Court found that "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Rhodes*, 240 S.W.3d at 892. Here,

Appellant is collaterally attacking an agreed-to void judgment that sentenced him to a too-lenient punishment that Appellant enjoyed for 12 years. Although there was no indication that the parties entered into a plea agreement in *Rhodes*, the case addressed the inequities similar to the current situation and the Fort Worth Court of Appeals wrongly found *Rhodes* inapplicable. *See Rhodes*, 240 S.W.3d at 882-86.

*Rhodes* states that the only exception to estoppel by judgment is for challenges to subject-matter jurisdiction, but does not address whether subject-matter jurisdiction is an exception to the other forms of estoppel discussed by the court. *Id.* at 891-92. The case also includes a lengthy discussion on the inequity of a defendant entering a plea agreement that imposes an illegal sentence, benefiting from and quietly enjoying that sentence, and then attacking the judgment at a later date when it is in his interest, despite his part in procuring the lenient sentence. *Id.* at 891-92. Further, this Court found that *Rhodes* held that "a 'challenge[ ] to the subject-matter jurisdiction of the court rendering the judgment' *may* be exempt from estoppel," showing that this Court may not take the hardline stance against estoppel in the subject-matter jurisdiction context that the Fort Worth Court of Appeals has interpreted. *See Murray*, 302 S.W.3d at 882 n.42 (emphasis added); *Rhodes*, 240 S.W.3d at 891; *see also Derosier*, 2015 Tex. App. LEXIS 11155, at *5, 14.

6

**The *Murray* opinion assumed the State was not barred from advancing estoppel in a subject-matter jurisdiction claim.**

In *Murray*, this Court assumed without deciding "that the State is not barred by a subject-matter jurisdiction defect from advancing an estoppel claim." *Murray*, 302 S.W.3d at 882; *see Derosier*, 2015 Tex. App. LEXIS 11155, at *7. Yet, the Fort Worth Court of Appeals found that *Murray* also suggested nothing to support that estoppel-like doctrines apply when a court lacks subject-matter jurisdiction over the bargained-for judgment. *Derosier*, 2015 Tex. App. LEXIS 11155, at *7-8.

*Murray* is applicable as estoppel did not apply in that case only because Murray objected. *Murray*, 302 S.W.3d at 882. This Court found that estoppel did not apply because Murray did not accept the benefits of his conviction and instead objected to a lesser offense that was not actually a lesser-included offense of the felony for which he was indicted. *Murray*, 302 S.W.3d at 882. Here, there was no such objection. Murray objected to the plea agreement when the trial court still had the power to reject the plea agreement, and the Court stated without deciding that an objection could have only been defeated with "a showing of bad faith on the defendant's part or substantial prejudice suffered by the State." *Murray*, 302 S.W.3d at 883. Here, the State is substantially prejudiced as jeopardy attached to the charge, 12 years have passed, and there was no objection from Appellant

7

when the State could have remedied any issue Appellant had with pleading to a lesser offense.

**_Heilman_ did not address this situation, and interprets _Rhodes_ very differently than _Murray_.**

In its opinion in this case, the Fort Worth Court of Appeals cited _Heilman_, stating that it worked against the State's argument because the case stated that "estoppel does not apply when [a] court lack[s] jurisdiction." _See Derosier_, 2015 Tex. App. LEXIS 11155, at *11; _see also Ex Parte Heilman_, 456 S.W.3d 159, 166-167 (Tex. Crim. App. 2015). But, this Court cited _Rhodes_ in that statement, and as discussed, _supra_, _Rhodes_ held that estoppel did not apply only to estoppel by judgment, did not involve a plea agreement, and discussed the inequity of an appellant trifling with the courts, as is present in this case. _See Rhodes_, 240 S.W.3d at 891-92; _see also People v. Webb_, 186 Cal. App. 3d 401, 412 (Cal. App. 3d Dist. 1986). _Heilman_ did not address the specific situation here, and this statement by the court is in contrast to the _Murray_ opinion that more closely addressed this situation and assumed that the State was not barred from an estoppel claim in the context of subject-matter jurisdiction. _See Murray_, 302 S.W.3d at 882; _see also Heilman_, 456 S.W.3d at 166-67.

**The case law regarding estoppel and subject-matter jurisdiction is murky, but the reasoning of the case law suggests that estoppel can apply.**

The Fort Worth Court of Appeals is correct that this was Appellant's first application for writ of habeas corpus, but the State discussed *Sledge* not to argue it was not his first application, but to point out that a bar to estoppel in the context of subject-matter jurisdiction is not so axiomatic, as there have been cases where estoppel was not barred on a subject-matter jurisdiction claim. *See Ex Parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013); *see also DeDonato v. State*, 819 S.W.2d 164, 166-67 (Tex. Crim. App. 1991). The concurrence in *DeDonato* even pointed out the majority in that case overruled "the basic and long-held principle that a lack of jurisdiction will render a conviction void and not merely voidable." *DeDonato*, 819 S.W.2d at 167 (an appellant waived a claim of lack of subject-matter jurisdiction where the information did not contain the elements needed to discern the level of offense she committed).

**Even if this Court finds no holdings supporting estoppel barring a subject-matter jurisdiction claim, this Court should address the issue as it has not been specifically decided.**

This Court has not specifically decided this issue under these circumstances. But, as discussed *supra*, has suggested that the estoppel issue in a plea-bargain case in which the agreed-to charge lacks subject-matter jurisdiction is an open question. *See Murray*, 302 S.W.3d at 882 n.42; *Rhodes*, 240 S.W.3d at 891. The topic has been more specifically discussed in concurrences and dissents of this Court.

For example, Presiding Judge Keller stated in her dissent in *Hall* that, if an appellant requests an action, then he is barred by estoppel from complaining of that action; when an appellant invokes the benefit of a lesser offense by not objecting to that lesser offense, he should be estopped from later complaint. *Hall v. State*, 225 S.W.3d 524, 537-38 (Tex. Crim. App. 2007) (Keller, C.J., dissenting). Deciding otherwise allows a defendant to acquiesce to a court action that benefits him, by convicting him of a lesser crime than charged, which is not a lesser-included offense, and then allows defendant to later successfully challenge that the lesser charge he should have never been given. *Id.* Additionally, the *Murray* court stated that in her *McKinney* concurrence, Presiding Judge Keller "suggest[ed] that estoppel could prevent a defendant from challenging a district court judgment on a misdemeanor offense that was not in fact included in the indictment if he requested submission of that offense so long as the court had subject-matter jurisdiction over the charged offense." *Murray*, 302 S.W.3d at 882; *see McKinney v. State*, 207 S.W.3d 366, 376 (Tex. Crim. App. 2006) (Keller, P.J. concurring). Presiding Judge Keller termed this situation "beneficial acquiescence." *Hall*, 225 S.W.3d at 538 (Keller, C.J., dissenting). Here, the district court retained jurisdiction over the charged offense and Appellant bargained for the agreed judgment on the lesser, but not lesser-included, offense (Appendix A; C.R. at 6, 31, 34, 36, 38; C.R. Supp. at 10).

Judge Hervey also addressed the inequity of an appellant, asking for a lesser offense that was not a lesser-included offense, in her *Hall* dissent. *Id.* at 540 (Hervey, J. dissenting). When a conviction on a lesser charge that is not actually a lesser-included offense is void, it "permit[s] a defendant to request a beneficial lesser charge and, if acquitted of the greater charge and convicted of the defense-requested lesser charge, successfully complain for the first time on appeal that such a charge should never have been given." *Id.* (Hervey, J. dissent). Judge Hervey found that *Marin* and *Prystash* "do not support such an unusual result." *Id.* (Hervey, J., dissent); *see Prystash v. State*, 3 S.W.3d 522 (Tex. Crim. App. 1999); *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). Under the Fort Worth Court of Appeals opinion, this case has "such an unusual result." *See id.* (Hervey, J., dissenting).

**Because of the Fort Worth Court of Appeals' blind reliance on subject-matter jurisdiction, it did not take into account the facts in this case, where Appellant agreed to and benefitted from his bargained-for sentence and where Appellant should be barred from his collateral attack for subject-matter jurisdiction.**

Appellant was advised of his rights by his attorney, admonished by the court, and aware of his rights when he agreed to the one-day confinement offer on the terroristic threat charge without objection (C.R. at 6, 31, 38, 40, 43; C.R. Supp. at 10). Appellant enjoyed the benefits of the bargain for 12 years, and is now complaining of the error he agreed to, in order to try to invalidate the lesser

11

conviction and have no conviction for any charge. *See DeDonato*, 819 S.W.2d at 166-67; *Murray*, 302 S.W.3d at 882; *Rhodes*, 240 S.W.3d at 891-92; *Hall*, 225 S.W.3d at 537-40; *McKinney*, 207 S.W.3d at 376 (Keller, C.J., concurring); *Prytash*, 3 S.W.3d at 531.

The Fort Worth Court of Appeals relied on subject-matter jurisdiction too much in this case, without looking at what actually happened in this case – Appellant was indicted, the district court had subject-matter jurisdiction, and for his benefit he pleaded to a misdemeanor instead of continuing his trial on the felony (Appendix A; C.R. at 6, 31, 34, 36, 38; C.R. Supp. at 10). It is an inequitable decision for this conviction to not stand. *See Derosier*, 2015 Tex. App. LEXIS 11155, at *5-7. Appellant is barred by estoppel from now complaining of subject-matter jurisdiction. *See Sledge*, 391 S.W.3d at 108; *Murray*, 302 S.W.3d at 882; *Rhodes*, 240 S.W.3d at 891-92; *McKinney*, 207 S.W.3d at 376 (Keller, C.J., concurring).

Allowing for this attack is unjust, and it enables an appellant to use subject-matter jurisdiction as a sword to attack a plea bargain he agreed to, instead of a shield to protect his rights against void judgments imposed by the State and/or judiciary. *See Heilman*, 456 S.W.3d at 171; *Rhodes*, 240 S.W.3d at 891-92. This was not a subject-matter jurisdiction issue in which the prosecutor walked into the district court with a misdemeanor case. Here, Appellant knowingly pleaded to

a lesser offense, and got the benefit of that lesser offense, that was not actually a lesser-included offense. And now, the State is prejudiced as Appellant enjoyed the benefits of the lesser charge he agreed to for 12 years, and since jeopardy has attached, the State cannot cure any error that it may have been able to cure at the time of the plea.

Accordingly, the State requests this Court to reverse the Fort Worth Court of Appeals opinion and reinstate the trial court's judgement.

## **PRAYER FOR RELIEF**

Accordingly, the State of Texas prays that the Court of Criminal Appeals grants review in this case to permit full briefing on the issues presented.

Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**LARA TOMLIN**
Assistant Criminal District Attorney
1450 East McKinney, Suite 3100
Denton, Texas 76209
State Bar No. 24075169
(940) 349-2600
FAX (940) 349-2751
lara.tomlin@dentoncounty.com

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Petition for Discretionary Review in the instant cause contained a word count of 2582, said count being generated by the computer program Microsoft Word that was used to prepare the document.

_____
LARA TOMLIN

## CERTIFICATE OF SERVICE

True copies of the State's Petition for Discretionary Review have been sent by United States mail, postage prepaid, to the appellate attorney for Appellant, Fred Marsh and Ed Nolter, 101 South Woodrow, Denton, Texas 76205, and to the State Prosecuting Attorney, Lisa McMinn, Post Office Box 12405, Austin, Texas 78711, on the 20th day of November, 2015.

_____
LARA TOMLIN

15

# APPENDIX A

[Indictment]

CAUSE NO. F-2002-0330-E

BOND: $5,000

DEFENDANT: ANDRE DEROSIER

CHARGE: INDECENCY WITH A CHILD (6 COUNTS)

CO-DEFENDANT: NONE

WITNESS: INV. GEHRKE, LPD #01-07995

FILED

02 MAR -7 AM H7:2 912-23-67

DISTRICT ... ... ...TEX
...ON CO., TX

BY_____DEPUTY

## TRUE BILL OF INDICTMENT

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

### COUNT I

THE GRAND JURORS, in and for the County of Denton, State of Texas, duly organized, impaneled, and sworn as such, at the January Term, A.D., 2002, of the District Court of the 211th Judicial District in and for said county and state, upon their oaths, present in and to said Court that ANDRE DEROSIER, who is hereinafter styled defendant, on or about the 23rd day of September, 2000, and anterior to the presentment of this Indictment, in the county and state aforesaid, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with Nydirah Derosier, by touching the genitals of Nydirah Derosier, a child younger than 17 years of age and not the spouse of the defendant;

### COUNT II

And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at said term of said court as aforesaid, upon their oaths further present in and to said court that ANDRE DEROSIER, on or about the 20th day of January, 2001, and anterior to the presentment of this indictment, in the County of Denton and State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with Nydirah Derosier, by touching the genitals of Nydirah Derosier, a child younger than 17 years of age and not the spouse of the defendant;

### COUNT III

And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at said term of said court as aforesaid, upon their oaths further present in and to said court that ANDRE DEROSIER, on or about the 17th day of February, 2001, and anterior to the presentment of this indictment, in the County

ORIGINAL

of Denton and State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with Nydirah Derosier, by touching the genitals of Nydirah Derosier, a child younger than 17 years of age and not the spouse of the defendant;

## COUNT IV

And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at said term of said court as aforesaid, upon their oaths further present in and to said court that ANDRE DEROSIER, on or about the 17th day of March, 2001, and anterior to the presentment of this indictment, in the County of Denton and State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with Nydirah Derosier, by touching the genitals of Nydirah Derosier, a child younger than 17 years of age and not the spouse of the defendant;

## COUNT V

And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at said term of said court as aforesaid, upon their oaths further present in and to said court that ANDRE DEROSIER, on or about the 21st day of April, 2001, and anterior to the presentment of this indictment, in the County of Denton and State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with Nydirah Derosier, by touching the genitals of Nydirah Derosier, a child younger than 17 years of age and not the spouse of the defendant;

## COUNT VI

And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at said term of said court as aforesaid, upon their oaths further present in and to said court that ANDRE DEROSIER, on or about the 21st day of April, 2001, and anterior to the presentment of this indictment, in the County of Denton and State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with Nydirah Derosier, by touching the breast of Nydirah Derosier, a child younger than 17 years of age and not the spouse of the defendant;

against the peace and dignity of the State.

_____BRUCE ISAACKS_____
CRIMINAL DISTRICT ATTORNEY OF
DENTON COUNTY, TEXAS

_____
Foreman of the Grand Jury

# APPENDIX B

[Judgment]

NO. F-2002-0330-E

| STATE OF TEXAS | § | IN THE 367TH JUDICIAL DISTRICT COURT, DENTON, TEXAS |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| ANDRE DEROSIER | § | DENTON COUNTY, TEXAS |

## JUDGMENT

| | | | |
|---|---|---|---|
| Judge Presiding: | : Lee Gabriel | Date of Judgment | : November 13, 2002 |
| Attorney for State | : Matthew Shovlin : Anthony Paul | Attorney for Defendant | : Cary Piel |
| Offense Convicted of Degree | TERRORISTIC THREAT : (1 COUNT) : Class A-Misd. | Date Offense Committed | : April 21, 2001 |
| Charging Instrument | : Indictment | Plea | : No Contest |
| Plea to Enhancement | : N/A | Findings On Enhancement | : N/A |
| Findings on Use of Deadly Weapon | : N/A | | |
| Date Sentence Imposed | : November 13, 2002 | Court Costs And any additional warrant fees incurred | : $251.00 |
| Punishment-Place of Confinement | : ONE (1) : DAY COUNTY JAIL | Date to Commence | : November 13, 2002 |
| Time Credited | : ONE (1) DAY | Total amount of restitution | : |
| | | Restitution to Be Paid To: Name: Address: | |
| Art. 6252-13c Registration Required | : No | Victim's Age | : N/A |

The defendant, ANDRE DEROSIER, having been indicted in the above entitled and numbered cause for the felony offense of INDECENCY WITH A CHILD (6 COUNTS), as alleged in the indictment, and this cause being this day called, the State appeared by her Assistant Criminal District Attorney, Anthony Paul and/or Matthew Shovlin, and the defendant appeared in person and his counsel, Cary Piel, also being present and both parties announced ready and the defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record on

the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Denton County, Texas, in writing, signed by him, and filed in the papers of this cause before the defendant entered his plea herein, the defendant was duly arraigned and in open Court pled no contest to the charge of TERRORISTIC THREAT; thereupon the defendant was admonished by the Court of the consequences of the said plea, and defendant persisted in entering said plea, and it plainly appearing to the Court that the said defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the Court and is now entered of record as the plea herein of the defendant. The defendant in open court, having waived the reading of the indictment, and in writing having waived the appearance, confrontation and cross-examination of witnesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and the Court having received from the Denton County Probation Department a written presentence investigation report, complying with all the requirements set forth in Article 42.12, Section 9 of the Texas Code of Criminal Procedure; and, the Court having heard the defendant's waiver of the reading of the indictment, the defendant's plea thereto, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the defendant is guilty of TERRORISTIC THREAT.

IT IS THEREFORE FOUND AND ADJUDGED BY THE COURT, that the said defendant is guilty of the misdemeanor offense of TERRORISTIC THREAT, and that the said defendant committed said offense on the 21st day of April, 2001, and that the punishment is hereby assessed at confinement in the County Jail of Denton County, Texas for ONE (1) DAY, that the defendant be punished in accordance with same and that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue.

THEREUPON the defendant was asked by the Court whether he had anything to say as to why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the defendant is mentally competent and understanding of the English language, the Court, in the presence of said defendant and his counsel, proceeded to pronounce sentence against him as follows:

IT IS THE ORDER OF THE COURT that the said defendant, who has been adjudged by the Court to be guilty of TERRORISTIC THREAT, and whose punishment has been assessed by the Court at confinement in the County Jail of Denton County, Texas, for ONE (1) DAY in accordance with the provisions of the law of said State, and the said defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

IT IS FURTHER ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date and that the defendant is granted 1 day credit for time served.

SIGNED this the 13th day of November, 2002.

JUDGE PRESIDING

RECEIVED COPY:

ANDRE DEROSIER
DEFENDANT
DATE: _____

FINGERPRINT FROM

FINGER OF DEFENDANT

I AM THE PERSON WHO RECEIVED THIS JUDGMENT AND SENTENCE ACCESSED ON THIS DATE

11-13-02

# APPENDIX C

[Order Denying Application for Writ of Habeas Corpus]

Cause No. F-2002-0330-e (whc1)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 367TH JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| ANDRE DEROSIER | § | DENTON COUNTY, TEXAS |

## ORDER

The Court **denies** Applicant's grounds for relief.

SIGNED on this, the **26** day of February 2015.

_____
**JUDGE PRESIDING**

# APPENDIX D

[Findings of Fact and Conclusions of Law]

Cause No. F-2002-030-E-WCH1

EX PARTE                                    §        IN THE 367TH JUDICIAL
                                            §
                                            §        DISTRICT COURT OF
                                            §
ANDRE DEROSIER                              §        DENTON COUNTY, TEXAS

## STATE'S MEMORANDUM AND
## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### MEMORANDUM

The State is submitting these proposed findings and conclusions for this Court's consideration and requests this Court to adopt these findings and conclusions. An order adopting the State's findings and conclusions will be transmitted to this Court in no less than seven days. Should this Court wish to craft its own findings and conclusions, rather than adopt the State's, a copy of this document has been sent *via* email to this Court.

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, having considered the allegations contained in Applicant's first Application for Writ of Habeas Corpus under article 11.09 and the answer filed by the State, makes the following findings of fact and conclusions of law:

### *FINDINGS OF FACT*

1. Applicant was indicted for six counts of Indecency With a Child on March 7, 2002 (*see* Applicant's Brief, Exhibit 1). Applicant's jury trial began on November 12, 2002, a jury was selected and sworn, Applicant was arraigned, and Applicant pled not guilty to all counts (*see* Applicant's Brief, Exhibit 2).

2. On the second day of Applicant's jury trial, a plea bargain was reached (Applicant's Brief, Exhibit 2). This Court advised Applicant of his rights, the State made an oral motion to amend the Indictment that was granted by this

Court, the State made a motion to dismiss the six counts of Indecency With a Child that was granted by this Court, and Applicant pled guilty to, and was found guilty of, Terroristic Threat, a misdemeanor offense (Applicant's Brief, Exhibit 2; *see* Applicant's Brief, Exhibits 3, 4, 5, 9).

3. Applicant did not object to the motion to amend the indictment that was presented in open court, and his attorney signed off on the State's motion to that effect (Applicant's Brief, Exhibits 2-3).

4. The "Plea Bargain Agreement" reached by Applicant and the State appears to have originally been for the offense of "assault," and that offense was crossed out and "terroristic threat" was added (Applicant's Brief, Exhibit 6).

5. Applicant agreed to plead no contest and receive a punishment of one day with one day of time credit, thus not having to serve any additional time in jail or any kind of community supervision (Applicant's Brief, Exhibit 6).

6. Applicant and his attorney signed a "Waiver of Jury," in which Applicant agreed he was advised by his attorney of the consequences of this plea, waived his right to an indictment, and pled no contest to Terroristic Threat (*see* Applicant's Brief, Exhibit 7).

7. Applicant and his attorney also signed the "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment" (*see* Applicant's Brief, Exhibit 8). There he acknowledged that he was charged with the second-degree felony of Indecency With a Child that carried a punishment of two to twenty years in prison and up to a $10,000 fine, but the punishment for the new charge, Terroristic Threat, was only up to one year in jail and up to a $4,000 fine (Applicant's Brief, Exhibit 8). This document also admonished Applicant that he had the right to be tried on an indictment returned by the grand jury (Applicant's Brief, Exhibit 8).

2

## CONCLUSIONS OF LAW

1. Applicant waived his right to a grand jury indictment by agreeing to the State's amendment. *See Teal v. State*, 230 S.W.3d 172, 174-75 (Tex. Crim. App. 2007).

2. Although a district court typically does not have jurisdiction over misdemeanor offenses and the Court of Criminal Appeals has held that subject-matter jurisdiction cannot be conferred by agreement and any order entered by a court having no jurisdiction is void, the Court of Criminal Appeals has found that "a defendant cannot enter a plea agreement that imposes an illegal sentence, benefit from that sentence, and then attack the judgment later when it is suddenly in his interests to do so," and that "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *See Rhodes v. State*, 240 S.W.3d 882, 891-92 (Tex. Crim. App. 2007); *see also Puente v. State*, 71 S.W.3d 340, 342 (Tex. Crim. App. 2002); *Garcia v. Dial*, 596 S.W.2d 524, 527-28 (Tex. Crim. App. 1980); Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005).

3. The Court of Criminal Appeals has held that there are instances where judgments that are void may not be attacked through a writ. *See Ex-parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013).

4. The Court of Criminal Appeals in *DeDonato* overruled "the basic and long-held principle that a lack of jurisdiction will render a conviction void and not merely voidable." *DeDonato v. State*, 819 S.W.2d 164, 166-67 (Tex. Crim. App. 1991).

5. "[A] party who accepts the benefit of a judgment that imposes an illegally lenient sentence is estopped from challenging the judgment at a later time." *Murray v. State*, 302 S.W.3d 874, 876 (Tex. Crim. App. 2009).

3

6. When an appellant invokes the benefit of a lesser offense by not objecting to that lesser offense, he should be estopped from later complaint. *Hall v. State*, 225 S.W.3d 524, 538 (Tex. Crim. App. 2007).

7. Applicant benefitted from the plea offer he agreed to, as the State dismissed all counts on the Indecency With a Child, and Applicant walked out of the courtroom with a conviction for misdemeanor Terroristic Threat and one day in jail that was covered by back time, and is now complaining of the error he agreed to in order to try to invalidate the lesser charge and lesser punishment so that he will have no conviction for any charge. *See Denato*, 819 S.W.2d at 166-67; *Murray v. State*, 302 S.W.3d 874, 882 (Tex. Crim. App. 2009); *Rhodes v. State*, 240 S.W.3d 882, 891-92 (Tex. Crim. App. 2007); *Hall*, 225 S.W.3d at 537-540; *McKinney*, 207 S.W.3d at 376; *Prytash*, 3 S.W.3d at 531.

6. The Court should **deny** Applicant's requested relief.

Respectfully Submitted,

**PAUL JOHNSON**
Criminal District Attorney

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

LARA TOMLIN
Bar No. 24075169
1450 East McKinney Street, Suite 3100
Denton, Texas 76209
(940) 349-2600
Denton, Texas 76209
(940) 349-2730
lara.tomlin@dentoncounty.com

4

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Memorandum and Proposed Findings of Fact and Conclusions of Law in the instant cause contained a word count of 993, said count being generated by the computer program Microsoft Word that was used to prepare the document.

LARA TOMLIN

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December 2014, a true and correct copy of the State's Memorandum and Proposed Findings of Fact and Conclusions of Law was mailed, postage prepaid, to Applicant's Attorney, Fred Marsh, 101 South Woodrow Lane, Denton, Texas 76205.

LARA TOMLIN

5

# APPENDIX E

[*Ex parte Derosier*, No. 02-15-00100-CR, 2015 Tex.
App. LEXIS 11155, at *5 (Tex. App.—Fort Worth Oct. 29, 2015,
pet. filed)]

# Ex parte Derosier

Court of Appeals of Texas, Second District, Fort Worth

October 29, 2015, Delivered; October 29, 2015, Opinion Filed

NO. 02-15-00100-CR

**Reporter**

2015 Tex. App. LEXIS 11155

EX PARTE ANDRE DEROSIER

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] FROM THE 367TH DISTRICT COURT OF DENTON COUNTY. TRIAL COURT NO. F-2002-0330-E. TRIAL COURT JUDGE: HON. MARGARET BARNES.

**Counsel:** FOR APPELLANT: FRED MARSH, EDWARD NOLTER; MARSH & PAINE, P.C., DENTON, TEXAS.

FOR STATE: PAUL JOHNSON, CRIMINAL DISTRICT ATTORNEY; CATHERINE LUFT, CHIEF, APPELLATE DIVISION; LARA TOMLIN, MATTHEW SHOVLIN, ANTHONY PAUL, ASST. CRIMINAL DISTRICT ATTORNEYS FOR DENTON COUNTY, DENTON, TEXAS.

**Judges:** PANEL: LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

**Opinion by:** BILL MEIER

# Opinion

## MEMORANDUM OPINION[1]

### I. Introduction

Appellant, Andre Derosier, appeals from the trial court's order denying him relief on his application for writ of habeas corpus. In one point, Derosier argues that because the trial court lacked subject-matter jurisdiction over the plea he entered regarding the underlying offense that serves as the basis for his requested relief, the trial court abused its discretion by denying his application. We will reverse and remand for further proceedings consistent with this opinion.

### II. Background

The State indicted Derosier on March 7, 2002, for six counts of indecency with a child by contact. On the second day of his jury trial, November 13, 2002, Derosier entered into a plea agreement with the State wherein [*2] he pleaded no contest to the misdemeanor offense of terroristic threat[2] in exchange for the State dismissing the indecency charges. Pursuant to the plea bargain, Derosier received one day in jail with one day's credit. Thus, Derosier did not serve any additional time in jail nor any type of community supervision. Derosier claims, however, that he suffers the collateral consequences from this misdemeanor conviction of being unable to procure gainful employment. *See Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993) ("[I]f a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceeding, it may be collaterally attacked, whether or not a term of probation was successfully served out.").

---

[1] *See* Tex. R. App. P. 47.4.

[2] One of the trial court's findings reads that the plea agreement reached by Derosier and the State "appears to have originally been for the offense of 'assault,' and that offense was crossed out and 'terroristic threat' was added."

According to the trial court's findings of facts in this habeas proceeding, prior to his plea, the trial court properly admonished Derosier concerning his rights and the consequences of his plea. Derosier and his attorney signed the plea agreement along with other paperwork, including [*3] a waiver of his right to a jury and the "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment." Derosier did not object to the trial court's jurisdiction prior to entering his plea. Twelve years after entering his plea, Derosier filed in the trial court this original application for writ of habeas corpus, alleging that the trial court lacked subject-matter jurisdiction over the misdemeanor offense of terroristic threat. The trial court denied relief.

In the trial court's conclusions of law relating to its denial, the trial court concluded that even though the plea-bargained judgment was "void," Derosier was not entitled to collaterally attack the judgment because he had "enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment." In support of its decision, the trial court cited to numerous Texas Court of Criminal Appeals decisions that the trial court interpreted as standing for the proposition that "there are instances where judgments that are void may not be attacked through a writ." Ultimately, the trial court concluded that Derosier was "estopped from complaining about the plea agreement that he agreed to, and received the [*4] benefit of the bargain from." This appeal followed.

## III. DISCUSSION

In one point, Derosier argues that the trial court abused its discretion by denying his application for writ of habeas corpus because the trial court lacked subject-matter jurisdiction over the misdemeanor charge he pleaded no contest to,

terroristic threat, and thus his plea-bargained-for judgment is void and the trial court should have granted his application. The State does not dispute that the trial court lacked subject-matter jurisdiction over the misdemeanor charge that Derosier pleaded no contest to.[3] Instead, the State asserts numerous estoppel theories as to why the trial court did not abuse its discretion by denying Derosier's application.

### A. Standard of Review and Jurisdiction

We review a trial court's denial of the relief requested in an application for a writ of habeas corpus [*5] under an abuse of discretion standard. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052, 127 S. Ct. 667, 166 L. Ed. 2d 514 (2006); *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd); *Ex parte Karlson*, 282 S.W.3d 118, 127 (Tex. App.—Fort Worth 2009, pets. ref'd). This means that we view the record in the light most favorable to the trial court's ruling and afford great deference to its findings and conclusions, especially when they involve determinations of credibility and demeanor. *Mello*, 355 S.W.3d at 832. A trial court, however, has no discretion in determining what the law is or applying the law to the facts. *In re Hinterlong*, 109 S.W.3d 611, 621 (Tex. App.—Fort Worth 2003, orig. proceeding [mand. denied]) (op. on reh'g).

It is axiomatic that subject-matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) ("[S]ubject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute."), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002).

---

[3] *See Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002) ("A district court has jurisdiction over felony offenses. It does not have original jurisdiction over misdemeanor charges, except those involving official misconduct."). (footnotes omitted) The State, the trial court, and Derosier all agree that the trial court lacked subject-matter jurisdiction over the plea-bargained-for judgment.

## B. *Rhodes, Murray*, and Illegal Sentences

In support of its argument that Derosier should be estopped from complaining about his plea-bargained judgment, the State, like the trial court did in its conclusions of law, relies in part on the court of criminal appeals's decisions in *Rhodes v. State*, 240 S.W.3d 882 (Tex. Crim. App. 2007) and *Murray v. State*, 302 S.W.3d 874 (Tex. Crim. App. 2009).

In *Rhodes*, the court faced the question of whether a defendant who entered a plea agreement involving [*6] multiple charges and corresponding sentences could later argue that his plea was void because under the code of criminal procedure, the trial court was not authorized to assess his sentences to run concurrently. 240 S.W.3d at 890. In short, Rhodes "received a judgment that was illegally lenient by having his sentence run concurrently instead of consecutively." *Id.* The *Rhodes* court held that Rhodes was estopped from attacking this judgment through a writ of habeas corpus because "he agreed to the concurrent sentencing provision, then through his own conduct [of not directly appealing the decision] he helped procure and benefit from the illegality." *Id.* But *Rhodes* is inapplicable to the facts of this case.

In *Rhodes*, there was no question that the trial court possessed subject-matter jurisdiction over the judgment resulting from Rhodes's plea. The trial court's failure was that it had entered an "illegally lenient sentence." *Id.* at 890. An illegal sentence is a sentence that is "outside the maximum or minimum range of punishment . . ., unauthorized by law[,] and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Illegal sentences are curable defects and do not involve a court's jurisdiction. *Rhodes*, 240 S.W.3d at 888. Indeed, as the court of criminal appeals has stated, [*7] "There has never been anything in Texas law that prevented *any* court with *jurisdiction* over a criminal case from noticing and correcting an illegal sentence." *Mizell*,

119 S.W.3d at 806 (second emphasis added). Moreover, the *Rhodes* court specifically stated that the only exceptions to the estoppel or "invited error" doctrine that applied to Rhodes's judgment were "challenges to the subject-matter jurisdiction of the court rendering the judgment." *Rhodes*, 240 S.W.3d at 891. In summary, *Rhodes* did not involve the trial court's subject-matter jurisdiction, and there is nothing in *Rhodes* to suggest that estoppel-like doctrines apply when a court does not have subject-matter jurisdiction over a bargained-for judgment.

*Murray* also involved an "illegally lenient sentence," but unlike the defendant in *Rhodes*, Murray was not barred from challenging the illegal sentence because he had procedurally perfected his challenge to the judgment when he "assigned a reason" for withdrawing his plea prior to the entry of judgment. *Murray*, 302 S.W.3d at 883. In coming to its conclusion that the State's estoppel claims failed, the *Murray* court assumed, "without deciding, that the State [was] not barred by a subject[-]matter jurisdiction defect." *Id.* at 882. Like in *Rhodes*, there is nothing [*8] in *Murray* to suggest that estoppel-like doctrines apply when a court lacks subject-matter jurisdiction over the bargained-for judgment.

Accordingly, the trial court and the State's reliance upon *Rhodes* and *Murray* is misplaced. This case does not involve an illegal sentence; it involves a judgment that is void because the trial court lacked jurisdiction to enter judgment. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001) ("The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question."); *see also In re Leonard*, 402 S.W.3d 421, 423 (Tex. App.—Fort Worth 2013, orig. proceeding [mand. conditionally granted]) ("Estoppel, however, cannot apply if the trial court had no subject[-]matter jurisdiction.").

## C. *Ex parte Sledge*

In its conclusions of law, the trial court also concluded that the "Court of Criminal Appeals has held that there are instances where judgments that are void may not be attacked through a writ." *Ex parte Sledge*, 391 S.W.3d 104, 107-08 (Tex. Crim. App. 2013). The State relies on a similar premise in its briefing to this court. But *Sledge* is also not applicable to the facts of this case. In *Sledge*, the court of criminal appeals held that a writ applicant's claim that the trial court's [*9] order revoking his deferred adjudication community supervision was void for lack of subject-matter jurisdiction was not cognizable on successive habeas corpus review. *Id.* The *Sledge* court reasoned that because the claim did not fit within any of the statutory exceptions to the prohibition against successive writs and because the applicant had not brought his jurisdictional claim in his original post-conviction application for writ of habeas corpus, the court of criminal appeals itself was statutorily barred from reviewing the claim. *Id.*

The *Sledge* court, however, discussed at length that "jurisdictional claims are cognizable in post-conviction habeas corpus proceedings." *Id.* at 108. Specifically to claims regarding a convicting court's jurisdiction, the *Sledge* court stated,

> It is, of course, axiomatic in our case law that review of jurisdictional claims are cognizable in post-conviction habeas corpus proceedings. Moreover, we have recognized them to be cognizable without regard to ordinary notions of procedural default—essentially because it is simply not optional with the parties to agree to confer subject[-]matter jurisdiction on a convicting court where that jurisdiction is lacking. Therefore, [*10] unless and until such time as the Legislature might say otherwise, in exercise of its constitutional authority to regulate post-conviction writ procedure, a meritorious claim of truly jurisdictional dimension will "always" be subject to

vindication in an original post-conviction application for writ of habeas corpus. We do not mean here to say otherwise.

*Id.* (footnotes omitted). Thus, the trial court's reliance, and the State's reliance now, on *Sledge* is misplaced because it is not disputed in this case that Derosier brought his subject-matter jurisdictional claim in his original post-conviction application for writ of habeas corpus.

## D. *Ex parte Heilman*

One of the cases heavily relied upon by the State is *Ex parte Heilman*, 456 S.W.3d 159 (Tex. Crim. App. 2015). In *Heilman*, the court of criminal appeals held that it would no longer recognize a distinction between limitations defenses that are "based in facts" versus those that are "pure law." *Id.* at 161-62. Prior to *Heilman*, Texas jurisprudence treated limitation defenses based on facts as *Marin* category-three rights and limitation defenses based on pure law as *Marin* category-one rights. *See id.*; *see also Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The appreciable difference is that *Marin* category-three rights are [*11] subject to forfeiture, and *Marin* category-one rights are "absolute requirements." *Marin*, 851 S.W.2d at 279. One such *Marin* category-one right is subject-matter jurisdiction. *Id.* Until *Heilman*, limitation defenses based on pure law were treated as jurisdictional issues. 456 S.W.3d at 162.

The State asks this court to interpret *Heilman* as standing for the proposition that "protecting good-faith, arm's length plea agreements" trumps subject-matter jurisdiction. But *Heilman* does not suggest anything of the sort. *Heilman* stands for the proposition that there is no *ex post facto* violation by treating all limitation defenses as "*Marin* category-three forfeitable rights." *Id.* at 169.

*Heilman* actually works against the State's position in this case. *Heilman* explicitly states that "estoppel does not apply when [a] court lack[s] jurisdiction." *Id.* at 167. Further, *Heilman* explains that a "limitations defense standing alone is merely a procedural 'act of grace' by the legislature that can be forfeited," but when a "trial court lack[s] jurisdiction . . . no conviction [is] possible." *Id.* at 168. We conclude that *Heilman* does not support the trial court's denial of Derosier's application, nor does it support the State's position that Derosier is estopped from bringing his application. [*12]

### E. Precedent

The State also relies on a myriad of cases, including fragments from concurrences and dissents from court of criminal appeals's opinions as well as opinions from other state courts, and asks this court to read the tea leaves regarding how the Texas Court of Criminal Appeals will, in the future, address the issue of when an applicant benefits from an agreed-to judgment but later challenges the convicting court's subject-matter jurisdiction in a writ of habeas corpus. *See Hall v. State*, 225 S.W.3d 524, 537-38 (Tex. Crim. App. 2007) (Keller, P.J., dissenting) (discussing the doctrine of "beneficial acquiescence"); *see also People v. Vera*, 122 Cal. App. 4th 970, 982-83, 18 Cal. Rptr. 3d 896 (2004) (holding defendant who pleaded no contest to felony battery estopped from challenging trial court's authority to strike five-year enhancements where court struck the enhancements pursuant to plea agreement). In short, the State asks this court to preemptively overrule the Texas Court of Criminal Appeals's longstanding holding that "it is simply not optional with the parties to agree to confer subject-matter jurisdiction on a convicting court where that jurisdiction is lacking. *Sledge*, 391 S.W.3d at 108. We decline the State's invitation to usurp the role of the Texas Court of Criminal Appeals. *See Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on reh'g) (stating that this court [*13] "is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule" it), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007).

### F. The State's Remaining Arguments

In the remainder of its briefing, the State argues that Derosier was not harmed by his plea, or that he otherwise waived his complaint about the trial court's judgment, and thus this court should affirm the trial court's denial of his application. But subject-matter jurisdiction is not a question of harm; rather, it is a question regarding a trial court's ability to act. *Roberts*, 940 S.W.2d at 657. It is not a question of the parties' conduct that can confer upon a court an authority that does not exist; instead, a lack of subject-matter jurisdiction concerns a court's complete lack of power to render the judgment in question. *See Nix*, 65 S.W.3d at 668 ("A void judgment is a 'nullity' and can be attacked at any time."). As the court of criminal appeals stated in *Sledge*, "a meritorious claim of truly jurisdictional dimension will 'always' be subject to vindication in an original post-conviction application for writ of habeas corpus." *Sledge*, 391 S.W.3d at 108 (*citing Ex parte Davis*, 947 S.W.2d 216, 223-24 (Tex. Crim. App. 1996)). This is the very type of claim that Derosier has brought, and the State and trial court both agree that the trial court lacked jurisdiction [*14] to enter judgment predicated on a charge of terroristic threat.

### IV. CONCLUSION

We hold that the trial court abused its discretion by denying Derosier's application for writ of habeas corpus because the trial court did not have subject-matter jurisdiction over the agreed-to charge and therefore the judgment is void. Accordingly, we sustain Derosier's sole point, we reverse the trial court's judgment denying Derosier's application, and we remand this case back to that court for proceedings consistent with this opinion.

/s/ Bill Meier

BILL MEIER

JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2015